# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:06 CR 256-4

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Vs. )<br>)<br>JAMES MATTHEW GREEN, )<br>)<br>**Defendant.** )<br>_____ ) | **ORDER** |

THIS CAUSE coming on to be heard and being heard before the undersigned, pursuant to a motion filed by the defendant on January 23, 2007 entitled, "Motion for Reconsideration of Detention" (#80), and it appearing to the court at the call of this matter on for hearing that the defendant was present with his attorney, Tony E. Rollman, and that the Government was present and represented through Assistant United States Attorney, Jill Rose, and from arguments of counsel for the defendant and the arguments of the Assistant United States Attorney and the records in this cause, the undersigned makes the following findings:

**Findings**. The defendant was charged in a bill of indictment filed on October 3, 2006 with conspiracy to manufacture and possess with intent to distribute a quantity of methamphetamine, schedule II controlled substance. On October 23, 2006 the undersigned held a detention hearing at which time the undersigned entered an order detaining the defendant but allowed the defendant to participate in the Jail Based Inpatient Treatment Program. The undersigned entered a written order (#28) on November 1, 2006 that stated, "upon completion of that program, defendant's counsel would be allowed to file a motion

requesting that the court reconsider the issue of detention of the defendant based upon a change of circumstances, that being the defendant's completion of the Jail Based Inpatient Treatment Program." Thereafter, the defendant's previous counsel filed a motion to withdraw on November 19th which was allowed on November 22, 2006. Thereafter, substitute counsel, on December 11, 2006 filed a motion to withdraw citing a conflict which motion was allowed on December 12, 2006. Mr. Rollman was then appointed to represent the defendant. On December 20, 2006, the United States Probation Office filed a memorandum which stated that the defendant had completed the Jail Based Inpatient Treatment Program. The undersigned held a hearing on January 5, 2007, pursuant to Rule 11 of the Federal Rules of Criminal Procedure and accepted a plea of guilty by the defendant to the charges contained in the bill of indictment.

**Discussion.** The issue that arises as a result of the defendant's motion is whether or not the court should reconsider the issue of the release of the defendant, pursuant to 18 U.S.C. § 3142(f)(2) and apply the factors to be considered as to the issue of detention as set forth under 18 U.S.C. § 3142(g) or should the court apply the factors as set forth under 18 U.S.C. § 3143(a)(2). 18 U.S.C. § 3143(a)(2) provides as follows:

> **(2)** The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless--
> **(A)**(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
> **(ii)** an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
> **(B)** the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

The defendant has entered a plea of guilty to an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act which is an offense as set forth under 18 U.S.C. § 3142(f)(1)(C). The undersigned finds that there is not a substantial likelihood that a motion for acquittal and a new trial will be granted in regard to the charges against the defendant. The undersigned further finds that an attorney for the Government has not recommended that no sentence of imprisonment be imposed on the defendant. As a result and pursuant to the mandatory language of 18 U.S.C. § 3143(a)(2), the undersigned must deny the motion (#80) and order that the defendant be detained pending further proceedings in this matter.

The above referenced issue was considered by the District Court in <u>US v Freeman</u>, 2:06cr12-2. The ordered entered herein by the undersigned is in accordance with the District Court's ruling in <u>Freeman</u>.

## ORDER

WHEREFORE, it is **ORDERED** that the defendant's "Motion for Reconsideration of Detention" (#80) is hereby **DENIED** and that the defendant is hereby **ORDERED** to be detained pending sentencing and further proceedings in this matter.

Signed: February 8, 2007

*Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge