# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION

## CRIMINAL NO.  1:06CR256-4

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **VS.** | ) | **O R D E R** |
| | ) | |
| | ) | |
| **JAMES MATTHEW GREEN** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Defendant's appeal of the

Order of detention entered by the Magistrate Judge on February 8, 2007.

No response from the Government is required.

On October 3, 2006, the Defendant was charged in a one count bill

of indictment with conspiracy to manufacture and possess with intent to

distribute more than 50 grams of methamphetamine.  **Bill of Indictment,**

**filed October 3, 2006.**  On January 4, 2007, the Defendant entered into a

plea agreement with the Government pursuant to which he agreed to plead

guilty to the count of the indictment.  **Plea Agreement, filed January 4,**

**2007.**  In the plea agreement, the Defendant agreed that the amount of

methamphetamine mixture that was known or reasonably foreseeable to

him was at least 50 grams but less than 150 grams. *Id.* As a result, the Defendant faces a mandatory minimum sentence of 5 years imprisonment and a maximum sentence of 40 years imprisonment. **21 U.S.C. § 841(b)(1)(B)(viii).** In the event that the Government files an information prior to sentencing, the Defendant would face a mandatory minimum sentence of 10 years and a maximum sentence of life imprisonment. **Plea Agreement,** *supra.* On January 5, 2007, he entered his plea of guilty during a Rule 11 Hearing conducted by the Magistrate Judge. **Rule 11 Inquiry and Order of Acceptance of Plea, filed January 5, 2007.** On January 23, 2007, Defendant through counsel moved for release on bond pending sentencing, citing as changed circumstances the fact that he had completed a jail based inpatient treatment program and had entered a guilty plea. The Magistrate Judge denied that motion because the Defendant could not meet the burden required by the statute. **Order, filed February 8, 2007.** The Defendant now appeals that order.

Release or detention of a defendant pending sentencing is controlled by 18 U.S.C. § 3143(a) which provides in pertinent part:

> [T]he judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . be detained, unless the judicial officer finds by clear and convincing evidence that the person is

not likely to flee or pose a danger to the safety of any other
person or the community if released[.]
**. . .**
The judicial officer shall order that a person who has been
found guilty of an offense described in subparagraph . . . (C) . .
. of subsection (f)(1) of section 3142 and is awaiting imposition
or execution of sentence be detained unless-
     (A)(i) the judicial officer finds there is a substantial
likelihood that a motion for acquittal or new trial will be granted;
or
     (ii) an attorney for the Government has recommended
that no sentence of imprisonment be imposed on the person;
and
     (B) the judicial officer finds by clear and convincing
evidence that the person is not likely to flee or pose a danger to
any other person or the community.

**18 U.S.C. § 3143(a)(1), (2).** Section 3142(f)(1)(C) refers to a drug crime

for which the maximum term of imprisonment is 10 years or more.

The Court finds that the Defendant has admitted the elements of the

crime of conspiracy to manufacture and possess with intent to distribute

methamphetamine during his Rule 11 hearing. The maximum sentence

which he faces, unless the Government files an information as to previous

drug felonies, is 40 years. The plea agreement does not contain any

provision stating that the Government will not file an information prior to

sentencing. Indeed, the plea agreement provides that if the Government

does make such a filing, the Defendant may face either a mandatory

minimum sentence of 10 years or a maximum sentence of life

imprisonment. As a result, he cannot meet any of the requirements of the statutes which would otherwise allow him release pending sentencing.

**IT IS, THEREFORE, ORDERED** that the Defendant's appeal is **DENIED**, and the Magistrate Judge's Order of detention is hereby **AFFIRMED.**

Signed: February 13, 2007

Lacy H. Thornburg
United States District Judge